1  **Bubeck Law LLC**
2  Kellie Mitchell Bubeck, MO #65573 (admitted *pro hac vice*)
   William H. Heusel, MO #78010 (admitted *pro hac vice*)
3  5440 W. 110th Street, Suite 300
   Overland Park, Kansas 66211
4  Phone: (913) 340-7206
5  Email: kellie@bubecklaw.com
           liam@bubecklaw.com
6
7  *Attorneys for Defendant Fly Vaunt LLC*

8  **UNITED STATES DISTRICT COURT**
   **IN THE DISTRICT OF ARIZONA**
9

10  Dawn Ponton, individually and on behalf          Case No. 2:25-cv-04763-SHD
    of all others similarly situated,
11
                      Plaintiff,                     **DEFENDANT FLY VAUNT LLC'S**
12                                                   **MEMORANDUM IN SUPPORT OF**
                                                     **ITS MOTION TO DISMISS**
13          v.                                       **PLAINTIFF'S CLASS ACTION**
                                                     **COMPLAINT AND TO STRIKE**
14  Fly Vaunt LLC,                                   **CLASS ALLEGATIONS**
15
                      Defendant.
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................... ii

TABLE OF AUTHORITIES....................................................................iii

I.      INTRODUCTION................................................................... 1

II.     FACTUAL ALLEGATIONS..................................................... 1

III.    LEGAL STANDARD ............................................................. 2

IV.     ARGUMENT ........................................................................ 3

      A.     Plaintiff fails to plausibly allege that Fly Vaunt did not honor the "do-not-call" request within a reasonable time. ............................. 3

      B.     Fly Vaunt honored Plaintiff's "do-not-call" request in four business days, which is reasonable as a matter of law. ................... 4

      C.     Plaintiff fails to plausibly allege a "willful" or "knowing" violation of the TCPA in support of her request for treble damages. ........... 5

      D.     Plaintiff's class allegations should be stricken under Fed. R. Civ. P 12(f). ................................................................................ 6

      E.     Leave to amend should be denied. .................................. 8

V.      CONCLUSION ..................................................................... 8

CERTIFICATE OF CONFERENCE ..................................................... 9

CERTIFICATE OF SERVICE........................................................... 10

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 2, 6

4

*Barr v. Macys.com, LLC*, 2023 U.S. Dist. LEXIS 176653 (S.D.N.Y. Sept. 29, 2023) ... 5

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................ 2

*Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815 (D. Ariz. 2016) ...................... 3

6

*Crews v. Sun Sols. AZ LLC*, 2024 U.S. Dist. LEXIS 102467 (D. Ariz. June 10, 2024) .. 4

7

*Foster v. Pinnacle Health Facilities XXI LP*, 2021 U.S. Dist. LEXIS 200297 (D. Ariz. Oct. 18, 2021) ................................................................................ 2

8

9

*Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645 (N.D.N.Y. June 13, 2025) 5

*McCullough v. Maximum Title Loans LLC*, 2019 U.S. Dist. LEXIS 141323 (D. Ariz. Aug. 20, 2019) ................................................................................ 6

10

11

*Mollett v. Netflix, Inc.*, 795 F.3d 1062 (9th Cir. 2015) ...................................... 3

12

*Orsatti v. Quicken Loans, Inc.*, 2016 U.S. Dist. LEXIS 182873 (C.D. Cal. Sept. 12, 2016) .................................................................................................. 4

13

*Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014) ............ 5

14

*Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121 (D. Conn. 2016) ...................... 5

15

*Smith v. loanDepot.com, LLC*, 2023 U.S. Dist. LEXIS 210082 (D. Ariz. Nov. 22, 2023) ................................................................................................ 6

16

17

*Tomaszewski v. Circle K Stores Inc.*, 2021 U.S. Dist. LEXIS 123798 (D. Ariz. Jan. 12, 2021) .................................................................................................. 6, 7

18

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ............................. 3

19

*Winters v. Loan Depot LLC*, 2022 U.S. Dist. LEXIS 47778 (D. Ariz. Mar. 17, 2022) .. 3, 6, 7

20

**Statutes**

21

47 U.S.C. § 227 ....................................................................................... 1, 2, 5, 6

22

**Rules**

23

Fed. R. Civ. P. 12 .................................................................................. 1, 2, 3, 6, 8

24

**Regulations**

25

47 C.F.R. § 64.1200 ................................................................................ 1, 3, 4, 5

26

**Other Authorities**

27

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, 40 FCC Rcd. 2395 (F.C.C. Apr. 7, 2025) ............................. 4

28

## I.    INTRODUCTION

Plaintiff Dawn Ponton's ("Plaintiff") class action complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), should be dismissed under Fed. R. Civ. P. 12(b)(6). The complaint fails for three reasons.

First, Plaintiff does not allege that Fly Vaunt LLC ("Fly Vaunt") failed to honor the "do-not-call" request within a reasonable time as required by 47 C.F.R. § 64.1200(d)(3). Second, Plaintiff's own allegations establish that the "do-not-call" request was honored within four business days—well within the regulatory standard requiring compliance within "a reasonable time … not to exceed [10] business days from receipt of such request." *Id*. Third, Plaintiff fails to allege any facts plausibly suggesting that the purported TCPA violations were "willful" or "knowing" to support her request for treble damages. Thus, Plaintiff has failed to state a claim upon which relief can be granted.

Independently, Plaintiff's proposed Internal Do-Not-Call ("DNC") Class fails as a matter of law. The Ninth Circuit has expressly authorized district courts to strike class allegations at the pleading stage where, as here, certification is impossible or the class definition constitutes an impermissible fail-safe class.

For these reasons, Fly Vaunt respectfully requests that the Court grant its Fed. R. Civ. P. 12(b)(6) motion and strike the class allegations under Fed. R. Civ. P. 12(f).

## II.    FACTUAL ALLEGATIONS

Plaintiff alleges that she uses her cell phone number for personal, residential, and household purposes and has never been a customer of Fly Vaunt. Compl. ¶¶ 17-18. She alleges that in early 2025 she clicked on a Facebook advertisement for Fly Vaunt and voluntarily provided her telephone number. *Id*. ¶ 19.

1

Plaintiff alleges she received her first text message from Fly Vaunt on October 21, 2025. *Id*. ¶ 24. She thereafter decided she was not interested in Fly Vaunt's services. *Id*. ¶ 20. Plaintiff alleges she made an initial "do-not-call" request by replying "Stop" on October 22, 2025. *Id*. ¶ 26.

Plaintiff alleges that Fly Vaunt continued to send text messages advertising Fly Vaunt's private jet services after that request, with the final text message allegedly sent on October 28, 2025, reflecting an interval of four business days between Plaintiff's first alleged internal "do-not-call" request and the final text message. *Id*. ¶¶ 21-36.

Plaintiff alleges that these subsequent text messages violate 47 U.S.C. § 227(c)(5) because they were sent after a "do-not-call" request. *Id*. ¶ 60. Plaintiff further requests that the Court treble the statutory damages, asserting that the "violations were willful or knowing." *Id*. ¶ 61.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court need not accept legal conclusions couched as factual allegations. *Foster v. Pinnacle Health Facilities XXI LP*, 2021 U.S. Dist. LEXIS 200297, at *3 (D. Ariz. Oct. 18, 2021). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678. The court also

may dismiss due to "a lack of a cognizable theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

Under Fed. Civ. Civ. P. 12(f) , a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing Fed. R. Civ. P. 12(f)). While motions to strike class allegations are generally disfavored, *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 833 (D. Ariz. 2016), "class allegations may be stricken when it is clear from the face of the complaint that no class can be certified." *Winters v. Loan Depot LLC*, 2022 U.S. Dist. LEXIS 47778, at *17 (D. Ariz. Mar. 17, 2022).

## IV.    ARGUMENT

### A.    Plaintiff fails to plausibly allege that Fly Vaunt did not honor the "do-not-call" request within a reasonable time.

The TCPA implementing regulations require that a "do-not-call" request be honored "within a reasonable time from the date such request is made [and] … [t]his period may not exceed ten (10) business days from the receipt of such request." 47 C.F.R. § 64.1200(d)(3). Here, Plaintiff alleges that Fly Vaunt honored the "do-not-call" request within four business days—well within the regulatory timeframe. Yet she pleads no facts suggesting that this period was not "reasonable." Indeed, Plaintiff does not even address the amount of time it took Fly Vaunt to honor the request at all. Even accepting the allegations as true, the complaint fails to state a plausible claim for relief.

1

**B.    Fly Vaunt honored Plaintiff's "do-not-call" request in four business
days, which is reasonable as a matter of law.**

2

3     Plaintiff's TCPA claim fails because Plaintiff's own allegations establish that Fly

4  Vaunt honored the "do-not-call" request within four business days. Under 47 C.F.R. §

5  64.1200(d)(3)[1], that is reasonable as a matter of law.

6

7     The District of Arizona has recognized that compliance within the regulatory

8  timeframe defeats a TCPA claim at the pleading stage. In *Crews v. Sun Sols. AZ LLC*, the

9  court held that text messages sent 11 days after a "do-not-call" request were "within a

10  reasonable time (not to exceed 30 days)" under § 64.1200(d)(3) and therefore not

11  actionable under the TCPA. 2024 U.S. Dist. LEXIS 102467, at *13-15 (D. Ariz. June 10,

12  2024). The court noted that "§ 64.1200(d)(3) 'allows the Defendant a reasonable [time]

13  to honor the ["do-not-call"] request, not to exceed 30 days' and operates as a 'safe harbor

14  provision' barring liability unless subsequent communications are "outside of the 30 day

15  window." *Id.* at *14. (citing *Orsatti v. Quicken Loans, Inc.*, 2016 U.S. Dist. LEXIS

16  182873, at *19-20 (C.D. Cal. Sept. 12, 2016)). While the FCC has since amended §

17  64.1200(d)(3) to limit the reasonable period at 10 business days, even under the revised

18  rule, four business days is well within the regulatory limit and clearly reasonable.[2]

19

20

21

22

23

24

---

25  [1] Prior to April 11, 2025, callers were required to honor "do-not-call" requests "within a
reasonable time … not to exceed 30 days" under 47 C.F.R. § 64.1200(d)(3). Effective
26  April 11, 2025, the FCC amended that section to reduce the maximum compliance period
to "within a reasonable period of time … not to exceed 10 business days after receipt of
27  the request." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of
1991*, CG Docket No. 02-278, 40 FCC Rcd. 2395, 2398 (F.C.C. Apr. 7, 2025).
28  [2] The alleged calls in the complaint occurred after the FCC revised the regulations to
reduce the compliance period to 10 business days. *See* 47 C.F.R. § 64.1200(d)(3).

4

Even if § 64.1200(d)(3) were viewed as setting an outer boundary rather than a strict safe harbor, courts routinely hold that short delays are reasonable as a matter of law at the pleading stage. *See, e.g.*, *Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645, at *18-20 (N.D.N.Y. June 13, 2025) (holding seven business days reasonable as a matter of law and dismissing § 64.1200(d) claim); *Barr v. Macys.com, LLC*, 2023 U.S. Dist. LEXIS 176653, at *13 (S.D.N.Y. Sept. 29, 2023) (finding three-day delay insufficient to state a claim under § 64.1200(d)(3)); *Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121, 140 (D. Conn. 2016) (no liability, even though plaintiff "received three additional calls" after making "do-not-call" request, because the defendant "honored Simmons' request within 30 days"); *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1065-66 (D. Or. 2014) (discussing the "30-day grace period … to process internal 'do-not-call' requests").

Here, Plaintiff alleges no facts showing that four business days was unreasonable. On the face of the complaint, Fly Vaunt complied within the time the regulation itself defines as reasonable. Plaintiff therefore fails to state a claim as a matter of law.

### C. Plaintiff fails to plausibly allege a "willful" or "knowing" violation of the TCPA in support of her request for treble damages.

The TCPA permits a plaintiff to recover $500 in damages for each violation. 47 U.S.C. § 227(c)(5). The statute further provides that a court may award treble damages if the defendant "willfully or knowingly" violated the TCPA. *Id.*

Here, Plaintiff's sole allegation in support of treble damages states: "Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5)." Compl. ¶ 61. This allegation merely recites

the statutory language and is unsupported by any factual content. As such, it is insufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6).

Courts in this District have dismissed similar conclusory requests for treble damages. *See e.g., Smith v. loanDepot.com, LLC*, 2023 U.S. Dist. LEXIS 210082, at *5 (D. Ariz. Nov. 22, 2023) (dismissing willful and knowing allegations supporting treble damages); *McCullough v. Maximum Title Loans LLC*, 2019 U.S. Dist. LEXIS 141323, at *8-9 (D. Ariz. Aug. 20, 2019) (finding no facts showing a willful or knowing violation). Accordingly, Plaintiff's allegation is a conclusory assertion that does not satisfy the pleading standard. *Iqbal*, 556 U.S. at 678.

### D.    Plaintiff's class allegations should be stricken under Fed. R. Civ. P 12(f).

Although Fly Vaunt moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court may also address Plaintiff's class allegations at the pleading stage under Fed. R. Civ. P. 12(f) where, as here, the proposed class is facially defective and incapable of certification as a matter of law. The District of Arizona has stricken TCPA class allegations at the pleading stage when certification is clearly impossible, *Winters*, 2022 U.S. Dist. LEXIS 47778, at *17, and when the proposed class definition violates well-established precedent prohibiting fail-safe classes. *Tomaszewski v. Circle K Stores Inc.*, 2021 U.S. Dist. LEXIS 123798, at *7-8 (D. Ariz. Jan. 12, 2021).

Plaintiff seeks to certify the following class:

**Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf class of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

6

Compl. ¶ 45.

This proposed class is an impermissible fail-safe class and should be stricken. A fail-safe class is improper because it "require[s] class members to prevail on liability under the TCPA in order to be members of the class. Once it is determined that a person who is a possible class member cannot prevail against the Defendant under the TCPA, they would drop out of the class." *Tomaszewski*, 2021 U.S. Dist. LEXIS 123798, at *7.

That is precisely the defect here. Plaintiff defines the class to include only individuals who allegedly received two or more telemarketing communications after they "had previously asked for the calls to stop." But whether a person's request to stop was effective, and whether any subsequent communication violated the TCPA, is the ultimate merits issue. The class definition thus conditions membership on whether Fly Vaunt violated the TCPA, which is impermissible. *See id.* at *7-8.

The definition is also facially unworkable because it requires individualized, merits-based inquiries to determine who belongs in the class. Determining whether a recipient made a "do-not-call" request, the timing and scope of that request, and whether Fly Vaunt honored it within a "reasonable" time period would require recipient-specific and call-by-call evidence. These individualized determinations go to both class membership and liability, rendering certification impossible as a matter of law. *See Winters*, 2022 U.S. Dist. LEXIS 47778, at *17.

Because Plaintiff's proposed Internal DNC Class is a fail-safe class and depends on individualized merits inquiries, the class allegations are facially defective and should be stricken under Fed. R. Civ. P.12(f).

### E. Leave to amend should be denied.

Accepting Plaintiff's allegations as true, Fly Vaunt honored the "do-not-call" request within four business days—a timeframe that is both objectively reasonable and well within the 10-business-day regulatory ceiling. Because Plaintiff cannot cure these pleading deficiencies, amendment would be futile, and dismissal with prejudice is warranted. Moreover, the proposed class is an impermissible fail-safe class and the individualized determinations required by Plaintiff's proposed class bear directly on both class membership and liability, rendering certification impossible as a matter of law.

## V.  CONCLUSION

Fly Vaunt respectfully requests that the Court grant its motion under Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's claim with prejudice for failure to plausibly allege any violation of the TCPA, and strike Plaintiff's class allegations under Fed. R. Civ. P. 12(f).


Dated: February 18, 2026        Respectfully submitted,

                                     */s/ Kellie Mitchell Bubeck*
                                     Kellie Mitchell Bubeck

                                     Bubeck Law LLC
                                     Kellie Mitchell Bubeck, MO #65573
                                     William H. Heusel, MO #78010
                                     5440 W 110th Street, Suite 300
                                     Overland Park, Kansas 66211
                                     Phone: (913) 340-7206
                                     Email: kellie@bubecklaw.com
                                             liam@bubecklaw.com

                                     *Attorneys for Defendant Fly Vaunt LLC*

8

## **CERTIFICATE OF CONFERENCE**

Pursuant to LRCiv 12.1(c) I certify that counsel for Fly Vaunt conferred in good faith with counsel for Plaintiff on February 4, 2026, via phone call and again on February 17, 2026, via email regarding the issues asserted in this motion. During these conferences, the parties discussed the alleged pleading deficiencies and the potential for amendment. The parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the Plaintiff. The parties therefore determined this motion could not be avoided.


*/s/ Kellie Mitchell Bubeck*
Kellie Mitchell Bubeck

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on February 18, 2026, the foregoing was electronically filed with the Court via the CM/ECF system, which will send notice to counsel of record.


_/s/ Kellie Mitchell Bubeck_
Kellie Mitchell Bubeck

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28