**Bubeck Law LLC**
Kellie Mitchell Bubeck, MO #65573 (admitted *pro hac vice*)
William H. Heusel, MO #78010 (admitted *pro hac vice*)
5440 W. 110th Street, Suite 300
Overland Park, Kansas 66211
Phone: (913) 340-7206
Email: kellie@bubecklaw.com
         liam@bubecklaw.com

*Attorneys for Defendant Fly Vaunt LLC*

**UNITED STATES DISTRICT COURT
IN THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dawn Ponton, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Fly Vaunt LLC,<br><br>Defendant. | Case No. 2:25-cv-04763-SHD<br><br>**DEFENDANT FLY VAUNT LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS** |

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................ii

TABLE OF AUTHORITIES..........................................................................................iii

I.      INTRODUCTION.................................................................................... 1

II.     FACTUAL ALLEGATIONS................................................................... 2

III.    LEGAL STANDARD .............................................................................. 2

IV.     ARGUMENT ........................................................................................... 3

      A.      Fly Vaunt honored Plaintiff's "do-not-call" request in four business days, which is reasonable as a matter of law.................... 3

      B.      Even as amended, Plaintiff fails to plausibly allege a "willful" or "knowing" TCPA violation to support treble damages. ................. 5

      C.      Plaintiff's revised class allegations should still be stricken under Fed. R. Civ. P 12(f). ......................................................................... 6

      D.      Leave to amend a second time should be denied. ........................... 8

V.      CONCLUSION ........................................................................................ 9

CERTIFICATE OF CONFERENCE .................................................................. 10

CERTIFICATE OF SERVICE........................................................................... 11

**<u>TABLE OF AUTHORITIES</u>**

**<u>Cases</u>**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 2, 3, 6

*Barr v. Macys.com, LLC*, 2023 U.S. Dist. LEXIS 176653 (S.D.N.Y. Sept. 29, 2023) ... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 2

*Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815 (D. Ariz. 2016)...................................... 3

*Crews v. Sun Sols. AZ LLC*, 2024 U.S. Dist. LEXIS 102467 (D. Ariz. June 10, 2024) .. 4

*Foster v. Pinnacle Health Facilities XXI LP*, 2021 U.S. Dist. LEXIS 200297 (D. Ariz. Oct. 18, 2021) ....................................................................................................... 3

*Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645 (N.D.N.Y. June 13, 2025) ............................................................................................................... 4, 5

*McCullough v. Maximum Title Loans LLC*, 2019 U.S. Dist. LEXIS 141323 (D. Ariz. Aug. 20, 2019)...................................................................................................... 6

*Mollett v. Netflix, Inc.*, 795 F.3d 1062 (9th Cir. 2015).................................................. 3

*Orsatti v. Quicken Loans, Inc.*, 2016 U.S. Dist. LEXIS 182873 (C.D. Cal. Sept. 12, 2016)..................................................................................................................... 4

*Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014)........................... 5

*Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121 (D. Conn. 2016)...................... 4

*Smith v. loanDepot.com, LLC*, 2023 U.S. Dist. LEXIS 210082 (D. Ariz. Nov. 22, 2023) ..................................................................................................................... 6

*Tomaszewski v. Circle K Stores Inc.*, 2021 U.S. Dist. LEXIS 123798 (D. Ariz. Jan. 12, 2021)................................................................................................................. 7, 8

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ............................. 3

*Winters v. Loan Depot LLC*, 2022 U.S. Dist. LEXIS 47778 (D. Ariz. Mar. 17, 2022).. 3, 7, 8

**<u>Statutes</u>**

47 U.S.C. § 227 ................................................................................................. 1, 2, 5, 6

**<u>Rules</u>**

Fed. R. Civ. P. 12 .................................................................................................. passim

**<u>Regulations</u>**

47 C.F.R. § 64.1200.............................................................................................. 1, 3, 4

**<u>Other Authorities</u>**

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, 40 FCC Rcd. 2395 (F.C.C. Apr. 7, 2025)............................... 3

## I.    INTRODUCTION

Plaintiff Dawn Ponton's ("Plaintiff") first amended class action complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), should be dismissed under Fed. R. Civ. P. 12(b)(6). The amended complaint fails because Plaintiff's own allegations foreclose any plausible TCPA violation.

First, although Plaintiff now alleges that Fly Vaunt LLC ("Fly Vaunt") failed to honor the "do-not-call" request within a reasonable time as required by 47 C.F.R. § 64.1200(d)(3), the amended complaint alleges that Fly Vaunt honored the request within four business days. That timeframe falls well within the regulatory standard requiring compliance within "a reasonable time … not to exceed [10] business days from receipt of such request." *Id*.

Second, Plaintiff again fails to allege any non-conclusory facts plausibly suggesting that the purported TCPA violations were "willful" or "knowing" as required to support her request for treble damages. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

Independently, Plaintiff's revised Internal Do-Not-Call ("DNC") Class remains legally defective. The Ninth Circuit has expressly authorized district courts to strike class allegations at the pleading stage where, as here, certification is impossible or the class definition constitutes an impermissible fail-safe class.

For these reasons, Fly Vaunt respectfully requests that the Court grant its Fed. R. Civ. P. 12(b)(6) motion and strike the class allegations under Fed. R. Civ. P. 12(f).

1

## II.    FACTUAL ALLEGATIONS

Plaintiff alleges that she uses her cell phone number for personal, residential, and household purposes and has never been a customer of Fly Vaunt. FAC ¶¶ 17-18. She alleges that in early 2025 she clicked on a Facebook advertisement for Fly Vaunt and gave Fly Vaunt her telephone number. *Id*. ¶ 19.

Plaintiff alleges she received her first text message from Fly Vaunt on October 21, 2025. *Id*. ¶ 38. The following day, on October 22, 2025, Plaintiff allegedly replied "Stop." *Id*. ¶ 40. She alleges that Fly Vaunt continued sending text messages advertising Fly Vaunt's private jet services until October 28, 2025, a total of four business days after Plaintiff's alleged internal "do-not-call" request. *Id*. ¶¶ 35-50.

Plaintiff alleges that these subsequent text messages violate 47 U.S.C. § 227(c)(5) because they were sent after a "do-not-call" request. *Id*. ¶ 74. Plaintiff further requests that the Court treble the statutory damages, asserting that the "violations were willful or knowing." *Id*. ¶ 75.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court need not accept legal conclusions couched as factual allegations. *Foster v. Pinnacle Health Facilities XXI LP*, 2021 U.S. Dist. LEXIS 200297, at *3 (D. Ariz. Oct.

2

18, 2021). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678. The court also may dismiss due to "a lack of a cognizable theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

Under Fed. Civ. Civ. P. 12(f) , a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing Fed. R. Civ. P. 12(f)). While motions to strike class allegations are generally disfavored, *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 833 (D. Ariz. 2016), "class allegations may be stricken when it is clear from the face of the complaint that no class can be certified." *Winters v. Loan Depot LLC*, 2022 U.S. Dist. LEXIS 47778, at *17 (D. Ariz. Mar. 17, 2022).

## IV.    ARGUMENT

### A.    Fly Vaunt honored Plaintiff's "do-not-call" request in four business days, which is reasonable as a matter of law.

Plaintiff's TCPA claim fails because Plaintiff's own allegations establish that Fly Vaunt honored the "do-not-call" request within four business days and complied with the regulatory timeframe for honoring "do-not-call" requests. Under 47 C.F.R. § 64.1200(d)(3)[1], that is reasonable as a matter of law.

---

[1] Prior to April 11, 2025, callers were required to honor "do-not-call" requests "within a reasonable time … not to exceed 30 days" under 47 C.F.R. § 64.1200(d)(3). Effective April 11, 2025, the Federal Communications Commission ("FCC") amended that section to reduce the maximum compliance period to "within a reasonable period of time … not to exceed 10 business days after receipt of the request." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, 40 FCC Rcd. 2395, 2398 (F.C.C. Apr. 7, 2025).

The District of Arizona has recognized that compliance within the regulatory timeframe defeats a TCPA claim at the pleading stage. In *Crews v. Sun Sols. AZ LLC*, the court held that text messages sent 11 days after a "do-not-call" request were "within a reasonable time (not to exceed 30 days)" under § 64.1200(d)(3) and therefore not actionable under the TCPA. 2024 U.S. Dist. LEXIS 102467, at *13-15 (D. Ariz. June 10, 2024). The court noted that "§ 64.1200(d)(3) 'allows the Defendant a reasonable [time] to honor the ["do-not-call"] request, not to exceed 30 days' and operates as a 'safe harbor' barring liability unless subsequent communications are "outside of the 30 day window." *Id.* at *14 (citing *Orsatti v. Quicken Loans, Inc.*, 2016 U.S. Dist. LEXIS 182873, at *19-20 (C.D. Cal. Sept. 12, 2016)). While the FCC has since amended § 64.1200(d)(3) to limit the reasonable period to 10 business days, even under that more restrictive rule, four business days is well within the regulatory limit and plainly reasonable.[2]

Even if § 64.1200(d)(3) were viewed as setting an outer boundary rather than a categorical safe harbor, courts routinely hold that short delays are reasonable as a matter of law at the pleading stage. *See, e.g.*, *Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645, at *18-20 (N.D.N.Y. June 13, 2025) (holding seven business days and nine days total reasonable as a matter of law and dismissing § 64.1200(d) claim); *Barr v. Macys.com, LLC*, 2023 U.S. Dist. LEXIS 176653, at *13 (S.D.N.Y. Sept. 29, 2023) (finding three-day delay insufficient to state a claim under § 64.1200(d)(3)); *Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121, 140 (D. Conn. 2016) (no liability, even

---

[2] The alleged calls in the complaint occurred after the FCC revised the regulations to reduce the safe harbor to 10 business days. *See* 47 C.F.R. § 64.1200(d)(3).

4

though plaintiff "received three additional calls" after making "do-not-call" request, because the defendant "honored Simmons' request within 30 days"); *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1065-66 (D. Or. 2014) (discussing the "30-day grace period … to process internal 'do-not-call' requests").

Plaintiff attempts to avoid this authority by alleging that because "Defendant utilized an automated text messaging platform capable of immediate suppression, any delay in honoring Plaintiff's request was unreasonable." FAC ¶ 28. Courts have rejected this argument. As *Hulett* explained, the theory improperly "reads into the regulation a requirement that a do-not-call request be honored 'as soon as practicable.'" 2025 U.S. Dist. LEXIS 112645, at *20 (citing *Simmons*, 222 F. Supp. 3d at 140 n.14). But the regulation contains no such requirements. Instead, "whether a defendant was technically capable of honoring a request sooner is not determinative of whether the defendant honored the request within a reasonable period." *Id*.

Here, Plaintiff alleges only that Defendant honored the request within four business days. Those allegations place Defendant's conduct well within the regulatory timeframe and squarely within the range courts deem reasonable as a matter of law. Plaintiff therefore fails to state a claim.

**B.     Even as amended, Plaintiff fails to plausibly allege a "willful" or "knowing" TCPA violation to support treble damages.**

The TCPA permits a plaintiff to recover $500 in damages for each violation. 47 U.S.C. § 227(c)(5). The statute further provides that a court may award treble damages if the defendant "willfully or knowingly" violated the TCPA. *Id*.

5

Here, Plaintiff's amended complaint still contains only conclusory allegations in support of treble damages. Plaintiff alleges that Defendant's conduct "was willful and knowing within the meaning of 47 U.S.C. § 227(c)(5)" and that "[b]ecause such violations were willful or knowing, the Court should treble the amount of statutory damages." FAC ¶¶ 34, 75.

These allegations merely recite the statutory standard and add no factual content from which the Court could plausibly infer that Defendant acted willfully or knowingly. Courts routinely dismiss such conclusory allegations at the pleading stage. As such, they are insufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6).

Courts in this District have dismissed similar conclusory requests for treble damages. *See e.g., Smith v. loanDepot.com, LLC*, 2023 U.S. Dist. LEXIS 210082, at *5 (D. Ariz. Nov. 22, 2023) (dismissing willful and knowing allegations supporting treble damages); *McCullough v. Maximum Title Loans LLC*, 2019 U.S. Dist. LEXIS 141323, at *8-9 (D. Ariz. Aug. 20, 2019) (finding no facts showing a willful or knowing violation). Accordingly, Plaintiff's allegation is a conclusory assertion that does not satisfy the pleading standard. *Iqbal*, 556 U.S. at 678.

**C.    Plaintiff's revised class allegations should still be stricken under Fed. R. Civ. P 12(f).**

Although Fly Vaunt moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court may also address Plaintiff's class allegations at the pleading stage under Fed. R. Civ. P. 12(f) where, as here, the revised proposed class remains facially defective and incapable of certification as a matter of law.

6

The District of Arizona has stricken TCPA class allegations at the pleading stage when certification is clearly impossible, *Winters*, 2022 U.S. Dist. LEXIS 47778, at *17, and when the proposed class definition violates well-established precedent prohibiting fail-safe classes. *Tomaszewski v. Circle K Stores Inc.*, 2021 U.S. Dist. LEXIS 123798, at *7-8 (D. Ariz. Jan. 12, 2021).

Plaintiff seeks to certify the following revised class:

**Internal DNC Class:** All persons within the United States to whom Defendant (or a third party acting on its behalf) sent two or more telemarketing calls or text messages within any 12-month period, where Defendant's records reflect that the person previously submitted a do-not-call or opt-out request, within four years prior to the filing of the Complaint.

FAC ¶ 59.

Even as revised, this proposed class remains an impermissible fail-safe class and should be stricken. A fail-safe class is improper because it "require[s] class members to prevail on liability under the TCPA in order to be members of the class. Once it is determined that a person who is a possible class member cannot prevail against the Defendant under the TCPA, they would drop out of the class." *Tomaszewski*, 2021 U.S. Dist. LEXIS 123798, at *7.

The revised definition does not cure this defect. Plaintiff defines the class to include only individuals who allegedly received two or more telemarketing calls or text messages after they "previously submitted a do-not-call or opt-out request." FAC ¶ 59.

But whether such a request was made, whether it was effective, whether the time it took Defendant to honor the opt out request was "reasonable," and whether any subsequent communication violated the TCPA are all ultimate merits questions. The class definition therefore still conditions membership on whether Fly Vaunt violated the

TCPA, which is impermissible. *See Tomaszewski*, 2021 U.S. Dist. LEXIS 123798, at *7-8.

The revised definition is also facially unworkable because it continues to require individualized, merits-based inquiries to determine class membership. Determining whether a recipient made a "do-not-call" request, the timing and scope of that request, and whether Fly Vaunt honored it within a "reasonable" time period would require recipient-specific and call-by-call evidence. These individualized determinations go to both class membership and liability, rendering certification impossible as a matter of law. *See Winters*, 2022 U.S. Dist. LEXIS 47778, at *17.

Because Plaintiff's revised Internal DNC Class remains a fail-safe class and still depends on individualized merits inquiries, the class allegations are facially defective and should be stricken under Fed. R. Civ. P.12(f).

**D.    Leave to amend a second time should be denied.**

Plaintiff has amended her complaint once. Even accepting Plaintiff's allegations as true, Fly Vaunt honored the "do-not-call" request within four business days—a timeframe that is objectively reasonable and well within the 10-business-day regulatory ceiling. Because these facts cannot be re-pleaded to establish a violation, further amendment would be futile, and dismissal with prejudice is warranted. Moreover, the proposed class is an impermissible fail-safe class and the individualized determinations required by Plaintiff's proposed class definition bear directly on both class membership and liability, rendering certification impossible as a matter of law.

## V.    CONCLUSION

Fly Vaunt respectfully requests that the Court grant its motion under Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's first amended complaint with prejudice for failure to plausibly allege any violation of the TCPA, and strike Plaintiff's class allegations under Fed. R. Civ. P. 12(f).

Dated: March 17, 2026                     Respectfully submitted,

                                          /s/ *Kellie Mitchell Bubeck*
                                          Kellie Mitchell Bubeck

                                          Bubeck Law LLC
                                          Kellie Mitchell Bubeck, MO #65573
                                          William H. Heusel, MO #78010
                                          5440 W 110th Street, Suite 300
                                          Overland Park, Kansas 66211
                                          Phone: (913) 340-7206
                                          Email: kellie@bubecklaw.com
                                                 liam@bubecklaw.com

                                          *Attorneys for Defendant Fly Vaunt LLC*

9

## CERTIFICATE OF CONFERENCE

Pursuant to LRCiv 12.1(c) I certify that counsel for Fly Vaunt conferred in good faith with counsel for Plaintiff on March 15, and March 17, 2026, via email regarding the alleged pleading deficiencies. The parties were unable to agree that the pleading was curable by a permissible amendment offered by the Plaintiff. The parties therefore determined this motion could not be avoided.

/s/ *Kellie Mitchell Bubeck*
Kellie Mitchell Bubeck

10

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 17, 2026, the foregoing was electronically filed with the Court via the CM/ECF system, which will send notice to counsel of record.


/s/ *Kellie Mitchell Bubeck*
Kellie Mitchell Bubeck

11