**Bubeck Law LLC**
Kellie Mitchell Bubeck, MO #65573 (admitted *pro hac vice*)
William H. Heusel, MO #78010 (admitted *pro hac vice*)
5440 W. 110th Street, Suite 300
Overland Park, Kansas 66211
Phone: (913) 340-7206
Email: kellie@bubecklaw.com
       liam@bubecklaw.com

*Attorneys for Defendant Fly Vaunt LLC*

## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Ponton, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-04763-SHD |
| Plaintiff, | **DEFENDANT FLY VAUNT LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND TO STRIKE CLASS ALLEGATIONS** |
| v. | |
| Fly Vaunt LLC, | |
| Defendant. | |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................ ii

TABLE OF AUTHORITIES .............................................................................. ii

I.      INTRODUCTION ................................................................................... 1

II.     ARGUMENT ........................................................................................... 1

    A.    Plaintiff's "reasonableness" argument fails in light of her allegation of four-business-day compliance .................................. 1

    B.    Plaintiff's allegations fall short of establishing willful or knowing violations. ...................................................................................... 3

    C.    Plaintiff's allegations confirm that her proposed class is fail-safe and unmanageable. ............................................................................ 5

III.    CONCLUSION ......................................................................................... 6

CERTIFICATE OF SERVICE ............................................................................ 8

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................ 3

*Crews v. Sun Sols. AZ LLC*, 2024 U.S. Dist. LEXIS 102467 (D. Ariz. June 10, 2024) . 1, 2, 3

*Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645 (N.D.N.Y. June 13, 2025) 2

*McCullough v. Maximum Title Loans LLC*, 2019 U.S. Dist. LEXIS 141323 (D. Ariz. Aug. 20, 2019) .................................................................................... 4

*Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121 (D. Conn. 2016) ...................... 2

*Smith v. loanDepot.com, LLC*, 2023 U.S. Dist. LEXIS 210082 (D. Ariz. Nov. 22, 2023) ............................................................................................................ 4

*Tomaszewski v. Circle K Stores Inc.*, 2021 U.S. Dist. LEXIS 123798 (D. Ariz. Jan. 12, 2021) .................................................................................................... 5

*Winters v. Loan Depot LLC*, 2022 U.S. Dist. LEXIS 47778 (D. Ariz. Mar. 17, 2022) 5, 6

**Statutes**

47 U.S.C. § 227 .................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12 .............................................................................................. 6

**Regulations**

47 C.F.R. § 64.1200 ...................................................................................... 1, 2

## I.    INTRODUCTION

Plaintiff Dawn Ponton's ("Plaintiff") opposition does not cure the fundamental defect in her first amended complaint: her own allegations establish that Defendant Fly Vaunt LLC ("Fly Vaunt") complied with the governing regulation under the Telephone Consumer Protection Act ("TCPA") as a matter of law. Rather than address that dispositive point, Plaintiff asks the Court to rewrite 47 C.F.R. § 64.1200(d)(3) to require immediate compliance and to defer resolution of purely legal issues. Neither request is supported by the statute, the regulation, or the cases she cites.

Because Plaintiff's allegations show that Fly Vaunt honored her request within four business days—well within the regulatory timeframe—her TCPA claim fails as a matter of law. Her conclusory willful and knowing allegations and defective class definition fail for the same reason. The motion should be granted.

## II.    ARGUMENT

### A.    Plaintiff's "reasonableness" argument fails in light of her allegation of four-business-day compliance.

Plaintiff's claim fails because her own allegations establish that Fly Vaunt complied with 47 C.F.R. § 64.1200(d)(3) as a matter of law. Plaintiff does not dispute that Fly Vaunt honored her opt-out request within four business days, which falls well within the regulation's requirement that requests be honored within a "reasonable time … not to exceed 10 business days."  This Court has dismissed TCPA claims on precisely these facts, where the alleged delay falls within the regulatory window. *Crews v. Sun Sols. AZ LLC*, 2024 U.S. Dist. LEXIS 102467, at *13-15 (D. Ariz. June 10, 2024) (holding that messages sent after a "do-not-call" request were not actionable because they

1

fell within the regulatory "grace period"). By contrast, the out-of-jurisdiction authorities cited by Plaintiff are not controlling and do not alter this result.

Plaintiff also argues that reasonableness is always a fact question, but that is incorrect in this context. Courts dismiss at the pleading stage where, as here, the alleged delay is short, and the complaint pleads no facts showing unreasonableness. *Id*. at *15. Plaintiff alleges only a four-business-day delay and offers no non-conclusory facts suggesting that timeframe is unreasonable.

Rather than address this dispositive defect, Plaintiff attempts to rewrite the regulation by arguing that any delay is unreasonable if immediate suppression was technologically possible. The regulation does not impose such a requirement. It expressly permits a reasonable processing period and does not require instantaneous compliance. Courts have rejected Plaintiff's theory. *See e.g.*, *Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645, at *18-20 (N.D.N.Y. June 13, 2025) (rejecting an interpretation that "reads into the regulation a requirement that a do-not-call request be honored 'as soon as practicable'" (citing *Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121, 140 n.14 (D. Conn. 2016)). Instead, "whether a defendant was technically capable of honoring a request sooner is not determinative of whether the defendant honored the request within a reasonable period." *Id.*

Nor do Plaintiff's allegations of multiple opt-out requests alter the analysis. The regulation focuses solely on the time required to honor a request, not on how many times it is repeated. *See* 47 C.F.R. § 64.1200(d)(3). Plaintiff alleges that Fly Vaunt honored her request within four business days, well within the time expressly permitted by the

regulation. Repeating the same request does not restart or shorten the regulatory compliance period.

Plaintiff's attempt to distinguish *Crews* also fails because none of the cited differences alter its central holding: where a complaint alleges compliance within the regulatory timeframe and pleads no facts showing unreasonableness, dismissal is appropriate. *Crews*, 2024 U.S. Dist. LEXIS 102467, at *13-15. The court's reasoning did not depend on the former 30-day ceiling, but on the absence of factual allegations plausibly showing unreasonable delay, a principle that applies equally under the current 10-business-day rule. *Id*. at *14-15. While *Crews* noted in a footnote that liability could theoretically arise within the regulatory period, the court still dismissed the complaint because it lacked supporting facts. *Id*. at *15 n. 6. The same is true here: Plaintiff's allegations are insufficient to plausibly allege that Fly Vaunt acted unreasonably.

Plaintiff's own allegations foreclose her claim. Because she pleads facts establishing compliance with the TCPA and relies only on conclusory assertions to suggest otherwise, her claim fails under *Iqbal* and should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring sufficient factual matter to "state a claim to relief that is plausible on its face").

**B.** **Plaintiff's allegations fall short of establishing willful or knowing violations.**

The TCPA permits enhanced damages only for violations committed "willfully or knowingly." 47 U.S.C. § 227(c)(5). Plaintiff identifies no facts in her complaint that meet this standard.

First, Plaintiff's allegations regarding repeated "STOP" messages do not establish willful or knowing violations. FAC ¶ 29. Plaintiff does not explain how repetition transforms otherwise compliant conduct into a knowing violation. The relevant inquiry is whether Fly Vaunt acted unlawfully, not how many times Plaintiff made the request, and her own allegations show timely compliance.

Second, her reliance on alleged system capabilities is likewise insufficient. *Id*. ¶ 28. The assertion that Fly Vaunt could have acted faster does not establish that any minor delay was willful or knowing. At most, such allegations suggest the possibility of quicker compliance, not deliberate noncompliance. And Plaintiff's reliance on cases suggesting that generalized allegations of willfulness may suffice is misplaced. Those cases do not involve allegations—like those here—that affirmatively demonstrate compliance within the regulatory timeframe. Courts in this District require factual support for TCPA willfulness allegations and dismiss claims that merely recite the statutory standard. *See e.g., Smith v. loanDepot.com, LLC*, 2023 U.S. Dist. LEXIS 210082, at *5 (D. Ariz. Nov. 22, 2023) (dismissing willful and knowing allegations supporting treble damages); *McCullough v. Maximum Title Loans LLC*, 2019 U.S. Dist. LEXIS 141323, at *8-9 (D. Ariz. Aug. 20, 2019) (finding no facts showing a willful or knowing violation).

In short, Plaintiff's allegations do not cure the defect but rather confirm it. At most, Plaintiff alleges a short delay followed by compliance, not intentional wrongdoing. That is insufficient to support treble damages, and her willfulness claim should be dismissed.

4

**C.** **Plaintiff's allegations confirm that her proposed class is fail-safe and unmanageable.**

Plaintiff's opposition does not cure the defects in her class allegations and instead confirms them. She argues that (1) the class is based on objective criteria, (2) any individualized issues can be resolved through common proof, and (3) striking is premature. None of these arguments withstands scrutiny.

First, Plaintiff's assertion that her class is "objectively ascertainable" mischaracterizes the definition. ECF No. 19, p. 9. Plaintiff contends that membership can be determined from Fly Vaunt's records, but her definition still depends on whether individuals received messages after a "do-not-call" request that was not honored within a reasonable time. Determining class membership therefore requires resolving core merits questions, including whether a valid request was made, when it was made, and whether Fly Vaunt's response was reasonable. A class defined by liability in this way is impermissibly fail-safe. *See Tomaszewski v. Circle K Stores Inc.*, 2021 U.S. Dist. LEXIS 123798, at *7-8 (D. Ariz. Jan. 12, 2021). Recasting these issues as "record-based" does not eliminate their merits-based nature.

Second, Plaintiff's argument that individualized issues can be addressed through "common proof" is contradicted by her own description of the claims. Plaintiff identifies inquiries such as whether a request was made, the timing of that request, and whether Fly Vaunt acted reasonably. ECF No. 19, p. 10. These are inherently individualized determinations that require person-by-person and message-by-message analysis. Such inquiries defeat certification as a matter of law. *See Winters v. Loan Depot LLC*, 2022 U.S. Dist. LEXIS 47778, at *17 (D. Ariz. Mar. 17, 2022).

Third, Plaintiff's argument that striking is premature ignores governing authority. While motions to strike are generally disfavored, courts may strike class allegations at the pleading stage where defects are apparent on the face of the complaint. *Id*. Here, the fail-safe structure and individualized inquiries are evident from the pleadings, and discovery cannot cure those legal defects.

Finally, Plaintiff's fallback request to "clarify" or amend the class definition confirms the problem. ECF No. 19, p. 11 n. 3. Her proposed revisions still define the class based on post-opt-out communications reflected in Fly Vaunt's records. *Id*. That approach continues to tie class membership to liability and does not eliminate the individualized inquiries required to determine whether any violation occurred.

Plaintiff's arguments do not address the defects identified in Fly Vaunt's motion. The proposed class remains fail-safe and unmanageable, and the class allegations should be stricken.

## III.    CONCLUSION

Plaintiff's own allegations establish that Fly Vaunt complied with the TCPA by honoring her opt-out request within four business days, which renders any amendment futile. Plaintiff's allegations also fail to plausibly establish willful or knowing violations. Her proposed class is independently defective because it is an impermissible fail-safe class and would require individualized determinations. Fly Vaunt respectfully requests that the Court dismiss the amended complaint with prejudice under Rule 12(b)(6) and strike the class allegations under Rule 12(f).

6

Dated: April 3, 2026                   Respectfully submitted,

                                       /s/ *Kellie Mitchell Bubeck*
                                       Kellie Mitchell Bubeck

                                       Bubeck Law LLC
                                       Kellie Mitchell Bubeck, MO #65573
                                       William H. Heusel, MO #78010
                                       5440 W 110th Street, Suite 300
                                       Overland Park, Kansas 66211
                                       Phone: (913) 340-7206
                                       Email: kellie@bubecklaw.com
                                              liam@bubecklaw.com

                                       *Attorneys for Defendant Fly Vaunt LLC*

7

## CERTIFICATE OF SERVICE

I certify that on April 3, 2026, the foregoing was electronically filed with the Court via the CM/ECF system, which will send notice to counsel of record.


/s/ *William H. Heusel*
William H. Heusel